## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

GARY KENDALL,           )
                               )
          Plaintiff,      )    Case No. CV 08-434-S-EJL
                               )
vs.                     )    **ORDER, REPORT, AND**
                               )    **RECOMMENDATION**
CITY OF BOISE, et. al,     )
                               )
          Defendants.    )
_____)

Currently pending before the Court is Plaintiff's Petition for Order to Proceed In Forma Pauperis and Affidavit of Indigency in Support (Docket No. 1). The District Court has referred this action to the undersigned for all pretrial matters. (Docket No. 4). Accordingly, having carefully reviewed the record and otherwise being fully advised, the Court enters this Order, Report, and Recommendation pursuant to 28 U.S.C. § 636(b).

## I.  BACKGROUND

On October 10, 2008, Plaintiff Gary Kendall ("Plaintiff") initiated this action by filing a "Complaint: Conspiratorial Deprivation of Civil Rights Under Cover of Law" ("Complaint"). (Docket No. 2). Plaintiff is a tenant in an affordable housing project at 2717 S. Vista in Boise, Idaho, that he reports is sponsored by the Department of Housing and Urban Development ("HUD") and managed by Boise City Housing and Community Development. Compl., p. 4, ¶¶ 2-4. His core complaint in this action relates to the housing project's parking situation.

**ORDER, REPORT, AND RECOMMENDATION - 1**

Plaintiff alleges, among other things, that Defendant City of Boise, along with two City attorneys, the Mayor, City Council members, and the Boise City Housing Manger (the "Defendants") are "the organizations and management employees responsible for the administrative management" of the housing project in which he lives.  Compl., p. 7, ¶ 11.  He claims that Defendants have leased a "significant area to business efforts" and the "resulting public demand for parking in the residential area outstripped the available parking and caused the disabled only parking spaces to be consumed by public clients of the business efforts."  *Id.*, p. 5, ¶ 7.

Plaintiff alleges that he is disabled; specifically that he is "mobility impaired as certified by a physician and the issue of a disabled persons parking placard by the State of Idaho." Compl., p. 1 & p. 5, ¶ 6.  Plaintiff also alleges that he petitioned Boise City Housing Management "for the reasonable accommodation of sinage [sic] or labeling on a particular handicapped only parking space . . . which would reserve that parking space for his sole use." *Id.*, p. 5, ¶ 9.  Plaintiff reportedly was told that reserving a parking space was illegal, and he attributes the denial of his request to Deputy City Attorney Mary Elizabeth Watson.[1]  *Id.*, p. 6, ¶ 10.  Plaintiff claims Defendants' actions violated his civil rights and he seeks to proceed in forma pauperis.

---

[1]  Plaintiff alleges that he was denied a parking spot, in part, because Ms. Watson "could not find a vehicle registered to Plaintiff in the State of Idaho."  Compl., p. 1 & p. 6, ¶ 10.  There is no need to decide at this point in the litigation whether Plaintiff has a properly-registered vehicle; Plaintiff listed a 1992 Dodge pick-up as an asset in the documents supporting his request to proceed in forma pauperis, and that is sufficient at this point to indicate that he may have a reason for requesting handicapped parking access to his rental unit.  *See* Petition & Aff., p. 2 (Docket No. 1).

**ORDER, REPORT, AND RECOMMENDATION - 2**

## II.  IN FORMA PAUPERIS REQUEST

**A.      Legal Standards**

Pursuant to federal statute, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor."  28 U.S.C. § 1915(a)(1).  In order to qualify for in forma pauperis status, Plaintiff must submit an affidavit that includes a statement of all assets he possesses and that he is unable to pay the required fee.  *Id.*

The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide himself and dependants "with necessities of life."  *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948).  The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty."  *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation omitted).

**B.      Plaintiff Qualifies for In Forma Pauperis Status**

Plaintiff reports his monthly income at $931.00, with corresponding monthly expenditures for rent, food, laundry, communications, vehicle, and other expenses in the amount of $931.00.  Petition & Aff., p. 2 (Docket No. 1).  Although Plaintiff listed as an asset a 1992 Dodge pick-up with an estimated value of $500.00, his debts amount to $5,809.00.  *Id.*  As required by 28 U.S.C. § 1915(a)(1), Plaintiff has attested that he is unable to pay costs or to give security in order to pursue this action.  *Id.*  For these reasons, Plaintiff is granted leave to proceed in forma pauperis.

**ORDER, REPORT, AND RECOMMENDATION - 3**

### III.  INITIAL REVIEW

**A.      Legal Standards**

Upon granting in forma pauperis status, the Court must review the Complaint, including each of the claims alleged therein, 28 U.S.C. § 1915(e)(2), and dismiss the Complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(i-iii).

Generally, in conducting this review, pro se pleadings must be liberally construed and pro se plaintiffs must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if the Complaint can be saved by amendment, Plaintiff should be notified of the Complaint's deficiencies and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

However, "[i]n determining whether a complaint is frivolous, a court is *not* bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992) (emphasis in original). The Court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.*; *see also O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (holding a complaint submitted in forma pauperis "is frivolous if it has no arguable basis in fact or law").

**ORDER, REPORT, AND RECOMMENDATION - 4**

**B.      Discussion**

**1.      Claims of Criminal Wrongdoing Should be Dismissed**

Plaintiff cites several criminal statutes—including the criminal conspiracy statutes, 18

U.S.C. §§ 241, 242—in support of some of his claims.  Congress provided for state and federal

governments to enforce the criminal conspiracy statutes.  18 U.S.C. § 245.  These statutes do not

provide a private right of action for civil liability and, to the extent Plaintiff relies upon them as

basis for any claim, the claim must be dismissed.  *Aldabe v. Aldabe*, 616 F.2d 1089, 192 (9th Cir.

1980).

Similarly, Plaintiff's reliance on any section of Title 18 of the United States Code to

assert claims in this action is misplaced.  "Civil causes of action . . . do not generally lie under

the criminal statutes contained in Title 18."  *Del Elmer v. Metzger*, 967 F. Supp. 398, 403 (S.D.

Cal. 1997).  *See also Lamont v. Haig*, 539 F. Supp. 552, 558 (W.D. S.D. 1982) (violation of

federal criminal statutes does not give rise to a civil cause of action); *Bryant v. Quintero*, 2001

WL 1018717, *2 (N.D. Cal. Aug. 20, 2001).

For these reasons, it is recommended that the District Court dismiss Plaintiff's claims that

Defendants violated Title 18.  Additionally, because these claims cannot be saved by any

amendment, *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 824 (9th Cir.

2002), it is recommended that they be dismissed without granting leave to amend.

**2.      Plaintiff's Claims Based on the Fair Housing Act are not Patently Frivolous**

Plaintiff also cites to 24 CFR 100.1, *et seq*., the Fair Housing Act ("FAA"), and the Fair

Housing Amendments Act ("FHAA"), 42 U.S.C. § 12101 *et seq*.,[2] to support his claims.

---

[2]  These acts will be referred to collectively as the FHAA.

**ORDER, REPORT, AND RECOMMENDATION - 5**

Compl., p. 19 (App. A).  "The threshold for pleading discrimination claims under the FHAA is low."  *McGary v. City of Portland*, 386 F.3d 1259, 1262 (9th Cir. 2004).  *See also Edwards v. Marin Park*, *Inc.*, 356 F.3d 1058, 1061-62 (9th Cir. 2004).

The FHAA makes it unlawful to "discriminate against any person . . . in the provision of services or facilities in connection with [his] dwelling, because of a handicap" of that person or any person associated with that person.  42 U.S.C. § 3604(f)(2).  Discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a disabled] person equal opportunity to use and enjoy a dwelling . . . ."  42 U.S.C. § 3604(f)(3)(B); 24 C.F.R. § 100.204.  "The reasonable accommodation inquiry is highly fact-specific, requiring case-by-case determination."  *United States v. California Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997) (citation and internal quotation marks omitted).

To prevail on a claim under 42 U.S.C. § 3604(f)(3), a plaintiff must prove all of the following elements: (1) that the plaintiff or his associate is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendant refused to make the requested accommodation.  *See* 42 U.S.C. § 3604(f)(3)(B); *DuBois v. Assoc. of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1178-79 (9th Cir. 2006).

**ORDER, REPORT, AND RECOMMENDATION - 6**

Here, Plaintiff alleges that he is disabled and that he notified Boise City Housing Management of his disability,[3] requested a parking accommodation, and that Defendants denied his request.  Compl., p. 1 & p. 5, ¶ 6, 9.  The United States Court of Appeals for the Second Circuit has determined that nearby parking may be a substantial factor in a mobility-impaired tenant's "use and enjoyment" of her dwelling, and a housing authority may be required to make reasonable accommodations in its rules and practices so as to enable a disabled tenant to "use and enjoy [her] dwelling."  *Shapiro v. Cadman Towers, Inc*., 51 F.3d 328, 335 (2d Cir. 1995).[4]  In making this decision, the court relied on 24 C.F.R. § 100.204(b), a regulation cited by the Plaintiff here in his Complaint.  HUD promulgated this regulation and provided an example of a "reasonable accommodation."

"The example set forth in section 100.204(b) posits a building with 300 apartments and 450 parking spaces available on a first-come/first-served basis, and states that the duty to make 'reasonable accommodations, obligates the building management to reserve a parking space for a mobility-impaired tenant near that tenant's apartment."  *Shapiro*, 51 F.3d at 335.  "Without a reserved space, [the tenant] might be unable to live in [the apartment] at all or, when he has to park in a space far from his unit, might have difficulty getting from his car to his apartment unit.

---

[3] The FHAA's statutory language uses "handicap" and "handicapped," but these have meanings identical to "disability" and  "disabled" for the purposes of this Order, Report, and Recommendation.  *See McGary v. City of Portland*, 386 F.3d 1259, 1262 n.2 (9th Cir. 2004).

[4] Although the Court recognizes that case law from the Second Circuit is not binding authority, the Court finds persuasive the reasoning in *Shapiro*, and has considered it along with Ninth Circuit cases discussing FHAA claims, such as *McGary v. City of Portland*, 386 F.3d 1259 (9th Cir. 2004).

**ORDER, REPORT, AND RECOMMENDATION - 7**

The accommodation therefore is necessary to afford [the tenant] an equal opportunity *to use and enjoy a dwelling.*" 24 C.F.R. § 100.204(b) (emphasis added).

Considering this example, and cases relying on section 100.204(b) to require accommodation for disabled tenants, it is recommended that the District Court allow Plaintiff to proceed with his FHAA claim.  *See, e.g.*, *Prindable v. Ass'n of Apartment Owners of 2987 Kalakaua*, 304 F. Supp. 2d 1245, 1254-56 (D.Haw. 2003) (discussing FHAA requirements and reasonable accommodation); *Jankowski Lee & Assoc. v. Cisneros*, 91 F.3d 891 (7th Cir. 1996) (finding apartment building manager, corporation that owned building, and managing partner of building liable under FHAA for failure to accommodate disabled tenant by providing adequate handicapped parking); *Hubbard v. Samson Mgmt Corp*.., 994 F.Supp. 187, 190 -92 (S.D.N.Y. 1998) (requiring parking accommodation); *Gittleman v. Woodhaven Condominium Ass'n, Inc*., 972 F. Supp. 894, 897 (D.N.J. 1997)(describing FHAA requirements and adopting the Second Circuit's approach in *Shapiro*); *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 107 (1979) (providing that HUD's interpretation of federal housing law is entitled to "considerable deference").

This does not mean that Plaintiff will prevail on his FHAA claim, but only that it cannot be said at this stage of the litigation that his claim is frivolous.  *See, e.g., McGary*, 386 F.3d at 1264 (explaining—when reversing a district court's grant of a motion to dismiss—that "we do not reach the merits of [plaintiff's] claim.  Rather, we merely conclude that [plaintiff] should be given an opportunity to establish, based on a fully developed record, that the City failed to reasonably accommodate him in violation of the FHAA").

**ORDER, REPORT, AND RECOMMENDATION - 8**

3.    **Only the City of Boise, the Housing and Community Development, and the City Attorneys Should be Considered Proper Defendants Under the Facts Alleged by Plaintiff**

Although it is recommended that Plaintiff be allowed to go forward with his FHAA claim at this stage of the proceedings, it is also recommended that the District Court require Plaintiff to name as Defendants in his amended complaint only those individuals and entities who are directly responsible for managing the housing unit in which Plaintiff resides and those who allegedly have personally acted in regard to the decision to deny Plaintiff's request for a designated parking spot.

Plaintiff's present Complaint alleges, among other things, that Defendant City of Boise, along with two City attorneys, the Mayor, City Council members, and the Boise City Housing Manger are "the organizations and management employees responsible for the administrative management" of the housing project in which he lives.  Compl., p. 7, ¶ 11.[5]  However, he also alleges that it is Boise City Housing and Community Development that "is the HUD affordable housing project Boise management" and he designates Boise City Housing and Community Development as the Participating Administrative Entity for HUD purposes.  *Id.*, p. 4 ¶ 2; p.7, ¶ 11.  It is this management entity and the City of Boise, under the factual allegations set forth in Plaintiff's Complaint, that are the proper defendants in this case.

The only other Defendant against whom Plaintiff states specific factual allegations about personal actions taken in regard to Plaintiff's parking complaint, is Mary Elizabeth Watson at the

---

[5]  Plaintiff alleges that "[e]ach individual [Defendant], having acted as management or management advisory to the local management of HUD sponsored housing . . . . [are] subject to litigation in their official and individual capacities."  Compl., p. 23, ¶ 2.  *See also id.*, pp. 3-4, ¶¶ 3-5; pp. 7, ¶ 11.

**ORDER, REPORT, AND RECOMMENDATION - 9**

Boise City Attorney's Office.  Plaintiff alleges that the Boise City Housing and Development management "deferred their mandatory management decision" on Plaintiff's parking request to Ms. Watson.  *Id.*, p. 5, ¶ 9; *see also* p. 12, ¶ 4.  Plaintiff later states, "no PRA exists naming either the [City Attorney's Office] or Mary Elizabeth Watson as an entity or person to whom responsibility is delegated."  *Id.*, pp. 5-6, ¶ 9.  Based on these allegations, it appears that Plaintiff's claims against persons and entities other than Boise City, the Boise City Housing and Community Development, and the City Attorneys are unfounded, frivolous, and should be omitted from the amended complaint.  *See Denton v. Hernandez,* 504 U.S. 25, 32 (1992) (stating that "a court is *not* bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations").

### 4.     Available Remedies

Finally, Plaintiff has provided no authority for one type of relief requested in his Complaint, *i.e.*, a right to "rent and cost free . . . housing" for as "long as [he] shall wish to maintain housing with the City of Boise." Compl., pp. 13-14, ¶ 2, and the Court has found no authority providing such a remedy.  *See* 42 U.S.C.A. § 3613(c)(1) (providing as relief for FHAA violations that "the court may award to the plaintiff actual and punitive damages, and . . . may grant as relief, as the court deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate)"). Accordingly, it is recommended that the District Court require Plaintiff's amended complaint to include only the relief allowed by statute for a FHAA violation.

**ORDER, REPORT, AND RECOMMENDATION - 10**

**IV.**

**ORDER**

It is hereby ordered that Plaintiff's Petition for Order to Proceed In Forma Pauperis and Affidavit of Indigency in Support (Docket No. 1) is GRANTED and Plaintiff may proceed with this case without payment of fees.

**V.**

**RECOMMENDATION**

Based on the foregoing, it is recommended that the District Court dismiss the criminal claims in Plaintiff's Complaint under § 1915 and require Plaintiff to submit an amended complaint alleging only his FHAA claims against Boise City, the Boise City Housing and Community Development, and the City Attorneys, and omitting his request for cost free housing of his choosing for an indeterminate amount of time.  This amended complaint should be filed within fourteen (14) days after the District Court enters an order on this Report and Recommendation.

Written objections, if any, must be filed within ten (10) days pursuant to 28 U.S.C. § 636 and District of Idaho Local Civil Rule 72.1.  If written objections are not filed within the specified time, the right to raise factual and/or legal objections in the Ninth Circuit Court of Appeals may be waived.

DATED:  **June 26, 2009**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**ORDER, REPORT, AND RECOMMENDATION - 11**