IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARY KENDALL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>CITY OF BOISE, et al., )<br>)<br>Defendants. )<br>_____) | Case No. CV08-434-S-EJL<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

On June 26, 2009, United States Magistrate Ronald E. Bush issued his Order and Report and Recommendation in this matter. Docket No. 6. Pursuant to 28 U.S.C. § 636(b)(1), the parties had ten days in which to file written objections to the Report and Recommendation. July 10, 2009, Plaintiff Gary Kendall filed his Answer and Objection to Report and Recommendation. Docket No. 7.

The review of the objection to the Report and Recommendation is undertaken with an eye on Ninth Circuit standards regarding *pro se* litigants. See Tucker v. Carlson, 925 F.2d 330 (9th Cir. 1991). The Court has construed the Plaintiffs' pleadings in the most favorable light, however, the Court reminds the Plaintiffs that *pro se* litigants are held to same procedural rules as counseled litigants. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Pursuant to 28 U.S.C. § 636(b)(1), this Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate. The Court has conducted a de novo review of the record pursuant to 28 U.S.C. § 636(b).

Factual Background

The Court adopts and incorporates by reference the factual background set forth by the magistrate judge in the Order and Report and Recommendation on pages 1- 2, Docket No. 6.

ORDER - Page 1
09ORDERS\Kendall_08-434 RNR.WPD

Magistrate Judge Bush granted Plaintiff's petition to proceed *in forma pauperis*, recommended Plaintiff's criminal claims be dismissed as well as Plaintiff's requested relief of cost free housing and that Plaintiff be granted leave to file an amended complaint against certain identified defendants regarding only the claims pursuant to Fair Housing Amendments Act ("FHAA"), 42 U. S. C. § 12101 et seq.

Plaintiff objects to the magistrate judge's recommendation that the criminal claims be dismissed and that he only be allowed to proceed against certain defendants. The Plaintiff's objections are without merit. This Court is a court of limited jurisdiction. See 28 U.S.C. § § 1331 and 1332. The Plaintiff is simply incorrect when he cites to the United States Constitution and argues this Court can hear all civil claims. In order to litigate a civil claim, there must be a statute that specifically allows a civil cause of action or a historical common law civil cause of action to allow a civil claim to proceed. Otherwise, a person could sue others for any reason at all – civil suit because someone wears a blue shirt. That certainly was not the intention of Congress or our Founding Fathers. Also, this Court is without authority to order the executive branch of the government to file criminal charges related to these allegations. Therefore, to the extent Plaintiff relies on criminal statutes as a basis for these civil claims, the claims must be dismissed for a lack of jurisdiction. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Alternatively, as to the causes of action recommended to be dismissed by the magistrate judge, the Plaintiff has not set forth any authority for a common law civil cause of action, so the claims must be dismissed.

Plaintiff objects to not being allowed to name all responsible parties as Defendants. The Court has reviewed the defendants recommended by the magistrate judge and finds those are the proper defendants for Plaintiff's claims under the FHAA. There is no need to name individual employees since Plaintiff is seeking claims against governmental entities and the entity is responsible for the actions of its agents. Plaintiff is being allowed to name only those individuals and entities who are directly responsible for managing the housing unit in which Plaintiff resides and those who have allegedly taken action on Plaintiff's requests for accommodation. The Mayor and the City Council members are not directly

ORDER - Page 2
09ORDERS\Kendall_08-434 RNR.WPD

responsible for managing Plaintiff's residence and are not alleged to have taken action regarding Plaintiff's requests for accommodation.

Plaintiff's cites the Court to United States v. Bestfoods, 524 U. S. 51 (1998). This cite is misplaced as claims against a municipal entity do not require the piercing of a corporate veil and the term "facilitator" is a defined term from the Comprehensive Environmental Response, Compensation and Liability Act and is not applicable to a fair housing claim.

### Order

Because the Court finds the Report and Recommendation of Judge Bush to be well founded in law, the Court hereby accepts in their entirety, and adopts as its own, the findings made by Judge Bush. Acting on the recommendation of Judge Bush, and this Court being fully advised in the premises,

**IT IS HEREBY ORDERED**:

1) Plaintiff's objections to the Report and Recommendation are DENIED.

2) The Court, pursuant to 28 U. S. C. § 1915, will DISMISS WITH PREJUDICE Petitioner's claims that Defendants violated criminal laws set forth in Title 18 of the United States Code.

3) Plaintiff is granted leave to file an amended complaint within fourteen (14) days of the date of this Order. The amended complaint shall be limited to the FHAA claims against the following defendants: Boise City, the Boise City Housing and Community Development, and the City Attorneys. Plaintiff shall omit his criminal claims as well as his request for cost free housing of his choosing for an indeterminate amount of time. Failure to timely file an amended complaint may result in the dismissal of this action without prejudice.

DATED: **July 17, 2009**

Honorable Edward J. Lodge
U. S. District Judge